Danyel CASEY *v.* STATE of Arkansas

CR 04-1206                                      199 S.W.3d 56

Supreme Court of Arkansas
Opinion delivered December 2, 2004

*Charles D. Hancock*, for appellant.

No response.

Per Curiam. Danyel Casey, by her attorney, Charles D. Hancock, has filed a motion for rule on clerk.

On July 9, 2004, a judgment and commitment order was entered convicting Casey of one count of sexual assault in the second degree and sentencing her to twenty-four months' imprisonment. A timely notice of appeal was filed by Mr. Hancock on July 15, 2004. In the instant motion, Mr. Hancock avers that a

secretary in the Lonoke County Public Defender's office, Sara Talbert, failed to inform him that an extension had not been granted until after the ninety days in which to file the record had already passed. Mr. Hancock further points to the fact that during the course of the proceeding, he experienced two deaths in his family. He states that he believes that there is good reason that the appeal was not perfected based on all the circumstances.

This court recently clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> . . . Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *See id.* At that time, the matter of attorney error will be remanded to the trial court to make findings of fact. *See id.* Upon receipt of the findings by this court, it will render a decision on attorney error. *See id.*

In the present case, we cannot say that there is good reason that the appeal was not perfected. Because the motion and accompanying record fail to reveal plainly whether there was attorney error by Mr. Hancock, we direct the clerk to accept the appeal, and we remand the matter of attorney error to the circuit court to make findings of fact.