Danyel CASEY *v.* STATE of Arkansas

CR 04-1206                                                          199 S.W.3d 56

Supreme Court of Arkansas
Opinion delivered March 3, 2005

*Hancock & Lane, P.A.*, by: *Charles D. Hancock*, for appellant.

No response.

PER CURIAM. On November 8, 2004, Danyel Casey, by her attorney, Charles D. Hancock, filed a motion for rule on

clerk in which she claimed that there was good reason her appeal had not been perfected. Her counsel claimed that his secretary failed to inform him that no extension had been granted until after the time had run in which to file the record and, further, that during the course of the proceedings, counsel and his wife had both experienced deaths of parents within a thirty-day period.

■ On December 2, 2004, this court remanded this matter to the circuit court for findings of fact on attorney error. *See Casey v. State*, 359 Ark. 522, 199 S.W.3d 56 (2004) (*per curiam*). Those findings have been returned by the circuit court and include the following:

> 1. This Court has ascertained that Charles D. Hancock asserts that Sara Talbert, a Public Defender secretary for Lonoke County was to assist in obtaining an extension of time to lodge the record.

> 2. That Sara Talbert has written this Court stating that she did not know about a request for extension of time and therefore did not request one.

> 3. That Mr. Hancock did indeed lose a parent and his wife lost a parent within thirty days of each other.

> 4. While the lack of communication between Mr. Hancock and Sara Talbert might be considered neglect in the strict sense of the rules, but [sic] this Court would find that it is excusable neglect and request the Clerk allow the lodging of the record without sanctions against Mr. Hancock.

We conclude that while there was attorney error on the part of Mr. Hancock in failing to seek a timely extension of time in which to file the record, such error was excusable based upon the findings of the circuit court.

Attorney error excused.