Johnifer ROSTON *v.* STATE of Arkansas

CR 05-277                                                    206 S.W.3d 244

Supreme Court of Arkansas
Opinion delivered March 31, 2005

*Gary W. Potts*, for appellant.

No response.

PER CURIAM. Appellant, Johnifer Roston, by and through his attorney, has filed a motion for rule on clerk. His attorney, Gary W. Potts, states in the motion that, at the request of the court reporter, he asked the circuit court, and it granted an extension of time to file the record in this case for the full seven months allowed from the date of entry of the judgment, March 9, 2005. The judge mailed the executed order to Mr. Potts for filing, but he mistakenly placed the order in his case file, rather than timely filing it with the circuit court clerk. Mr. Potts states that it was his duty to assure that the client's order extending the time for filing the record was filed with the circuit court clerk, and he accepts full responsibility for the error.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not

> perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will· consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

■ In accordance with *McDonald v. State, supra,* Mr. Potts has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.