Delarron Keith WASHINGTON *v.* STATE of Arkansas

CR 05-1115                                    216 S.W.3d 592

Supreme Court of Arkansas
Opinion delivered November 10, 2005

*Gary D. McDonald*, for appellant.

No response.

PER CURIAM. Appellant, Delarron Keith Washington, has filed a motion for rule on the clerk and a motion to supplement the record. Appellant filed both motions on October 25, 2005. We grant the petition and refer the matter to the Committee on Professional Conduct.

On February 25, 2005, a judgment, and commitment order was entered denying Washington of postconviction relief pursuant to Arkansas Rule of Criminal Procedure Rule 37. On March 10, 2005, Appellant filed a notice of appeal and designation of record with the Union County Circuit Clerk. Appellant filed a motion to be declared and indigent on March 15, 2005, so he could receive the record free of charge. On April 14, 2005, a motion for extension of time to file the record was filed and was granted by the court on May 3, 2005. The time for filing the record on appeal was extended until October 10, 2005. On May 6, 2005, an order denying Appellant to be declared an indigent was entered by the circuit court. A hearing on a petition requesting a declaration of indigency was held on May 12, 2005. This petition was also denied. An amended notice of appeal and designation of record was filed on May 18, 2005, stating that Appellant had the financial arrangements to pay for the transcript he was requesting. A partial record was lodged with the Arkansas Supreme Court on October 7, 2005 and refused by the Clerk.

Appellant is requesting a motion for rule on the clerk because the court reporter transcript of evidence was not delivered to the court in a timely manner. Only a partial record was lodged with the Supreme Court Clerk on October 7, 2005, and was then

refused. Appellant is also requesting to supplement the record based on the outcome of the motion for rule on the clerk.

██ This court recently clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said:

> . . . Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *See id.* At that time, the matter of attorney error will be remanded to the trial court to make findings of fact. *See id.* Upon receipt of the findings by this court, it will render a decision on attorney error. *See id.*

In this case, the transcript including the extension of time granted should have been filed on September 25, 2005, because that would have been seven months after the order was entered. Although in the order to extend time for filing, the court set a date at October 10, 2005, and it is the attorney's responsibility to catch this mistake prior to the filing deadline. The attorney in this case failed to catch this mistake. Therefore, the clerk was proper in refusing the partial record on October 7, 2005. However, this court will grant the motion for rule on the clerk and will refer the petitioner's attorney to the Committee on Professional Conduct for evaluation.

Therefore, we grant the motion for rule on the clerk and the complete record should be filed with our clerk within thirty days from the date of this *per curiam* order. At that time, a briefing schedule will be set.

Motion granted.