Rikko SMITH *v.* STATE of Arkansas

CR 05-1039                                      215 S.W.3d 588

Supreme Court of Arkansas
Opinion delivered October 13, 2005

*Sandra Trotter Phillips*, for appellant.

No response.

Pᴇʀ Cᴜʀɪᴀᴍ. Rikko Smith, by his attorney, Sandra Trotter Phillips, has filed a motion for rule on clerk.

On May 18, 2005, a judgment and commitment order was entered convicting Smith of one count of sexual assault in the second degree and sentencing him to six years' imprisonment. An amended judgment and commitment order was entered on June 2, 2005, classifying the offense as a B felony. The original judgment and commitment order did not have a classification identified. On June 23, 2005, appellant filed a notice of appeal with the Jefferson County Circuit Clerk. Appellant filed the transcript with the Jefferson County Circuit Clerk on September 6, 2005, and lodged the record with the Arkansas Supreme Court on September 21, 2005. Upon lodging the record with our Clerk, Ms. Phillips was informed that a motion for rule on clerk was necessary.

In this case, the notice of appeal was due on or before June 17, 2005 — that is, within thirty days from the date of entry of the original judgment and commitment order. Ark. R. App. P. —

Crim. 2(a)(1). The record was due within ninety days from the filing of the notice of appeal. Ark. R. App. P. – Civ. 5(a); Ark. R. App. P. – Crim. 4(a). The notice of appeal was not filed until June 23, 2005, and the record was filed ninety days later. Therefore, both the notice of appeal and the record were untimely filed. This motion will be treated as a motion for belated appeal and as a motion for rule on the clerk.

This court recently clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> . . . Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id*. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id*. However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *See id*. At that time, the matter of attorney error will be remanded to the trial court to make findings of fact. *See id*. Upon receipt of the findings by this court, it will render a decision on attorney error. *See id*.

In the present case, Ms. Phillips states in her motion that "[t]he appellant, Rikko Smith, should have the right to appeal his conviction in this matter as no fault lies with him." However, Ms. Phillips does not indicate with whom fault lies for the untimely filing. We cannot say that there is good reason that the appeal was not perfected. Because the motion and accompanying

record fail to reveal whether there was attorney error by Ms. Phillips, we direct the clerk to accept the appeal, and we remand the matter of attorney error to the circuit court to make findings of fact.