William D. WATT *v.*
OFFICE of CHILD SUPPORT ENFORCEMENT

05-131                                          217 S.W.3d 785

Supreme Court of Arkansas
Opinion delivered November 17, 2005

*Kearney Law Offices*, by: *John L. Kearney*, for appellant.

*Donna D. Galloway*, for appellee.

BETTY C. DICKEY, Justice. This appeal arises from an order of the Ashley County Circuit Court, Domestic Relations Division, finding William Watt the father of Lakesha Lemon and ordering him to pay child support arrearages from the date of the mother's death, June 2002, to the child's graduation from high school, June 2004. The total payment ordered was $5,280.00, due in monthly installments of $240.00. Appellant alleges that the trial court erred by: (1) requiring appellant to submit to paternity testing; (2) finding that the appellee, Sara Smith, sister and custodian of Lakesha Lemon, had standing to bring the lawsuit; and (3) not applying laches as an affirmative defense to appellee's claim. We disagree and affirm the trial court.

The child in this case, Lakesha Lemon, was born on or about March 26, 1986. Lakesha was sixteen when her mother, Lula Lemon, died in June 2002. Lula Lemon had never sought child support nor a paternity action. When Sara Smith, Lakesha Lemon's sister, assumed responsibility for Lakesha after their mother's death, the State of Arkansas Office of Child Support Enforcement (OCSE) filed this suit on their behalf. The trial court ordered appellant to submit to paternity testing, although appellant denied paternity and objected to any corroboration testimony by Sara

Smith, since she had not been an eyewitness to any sexual intercourse between Lula Lemon and appellant.

Appellant asserts that he should not have been subjected to "invasive testing," referring to the paternity test, and that such testing was a violation of his constitutional rights under the Fourth Amendment to the United States Constitution. Appellant also argues that the custodian, Sara Smith, was not a proper witness to give corroborative testimony, as required by the applicable statute, since she could not "say with assurance that Appellant had access and that sexual intercourse had occurred between the decedent and Appellant."

■■ First, the trial court had specific authority to order the paternity test. In addition, the same statute granting the court authority to order a paternity test makes an express distinction between the type of testimony required when the mother is alive and when the mother is deceased. Ark. Code Ann. § 9-10-108(a)(2)(A) (Repl. 2002 and Supp. 2005) instructs that "[u]pon motion of either party in a paternity action *when the mother is deceased* or unavailable, the trial court *shall* order that the putative father and child submit to scientific testing for paternity. . . ." (Emphasis added.) The court properly ordered the paternity test and the results evidenced that the probability that appellant is Lakesha Lemon's father is 99.95%. The results of a second paternity test, requested by appellant, found the probability that appellant is Lakesha Lemon's father to be 99.88%. We will not address the merits of appellant's argument that the testing was in violation of his constitutional rights. Although appellant generally mentioned this issue, the constitutional argument was not developed at the trial court level, nor was it supported by legal authority in his appellate brief; therefore, we will not consider the argument. *See Batiste v. Arkansas Dep't of Human Servs.*, 361 Ark. 46, 204 S.W.3d 521 (2005); *Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151 (2004); *Matthews v. Jefferson Hosp. Ass'n*, 341 Ark. 5, 14 S.W.3d 482 (2000).

■■ Appellant implies that corroborating testimony in a paternity suit must assure the court of access and sexual intercourse. That conclusion is inaccurate. When the mother is alive, she is required to give corroborating testimony regarding access during the probable period of conception to make a *prima facie* case of paternity. Ark. Code Ann. § 9-10-108(a)(6)(A). However, when the mother is deceased, Ark. Code Ann. § 9-10-108(a)(6)(B) applies.

If the results of the paternity tests conducted pursuant to subdivision (a)(2) of this section establish a ninety-five percent or more probability that the putative father is the biological father of the child, *after corroborating testimony concerning the conception, birth, and history of the child,* this shall constitute a prima facie case of establishment of paternity, and the burden of proof shall shift to the putative father to rebut such proof.

Ark. Code Ann. § 9-10-108(a)(6)(B) (emphasis added). While appellant denied ever having sexual relations with the mother, Sara Smith testified that she was seventeen years old when Lakesha was born, that her mother told her the father was appellant, and that she remembered appellant being at their home during the summer of 1985, as well as many phone conversations between appellant and her mother. We will not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Bean v. Office of Child Support Enforcement,* 340 Ark. 286, 9 S.W.3d 520 (2000). The trial judge considered that appellant offered no rebuttal to Sara Smith's testimony; he was only able to deny that he was the father and to deny that he was ever romantically involved with the mother. Appellant also took a long pause before denying that he had sexual intercourse with the mother. The judge determined that the testimony of Sara Smith was far more credible than that of appellant. Comparing the testimony of appellant with that of Sara Smith is a matter of credibility of witnesses, an area where this court defers to the trial court. *State v. Nichols,* 364 Ark. 1, 216 S.W.3d 114 (2005). This court cannot find clear error on the part of the trial court, and we will affirm the decision to order paternity testing and affirm the finding that appellant is the father of Lakesha Lemon as a matter of law.

▬▬ Appellant also states that Sara Smith did not have proper standing to bring this suit, and offers, in the alternative, that the payment should only be retroactive to the date of the complaint, January 8, 2003, to Lakesha's eighteenth birthday. The argument that Sara Smith does not have standing is irrelevant, as the plaintiff listed in all the pleadings is the Office of Child Support Enforcement (OCSE). Ark. Code Ann. § 9-10-104 (Repl. 2002 and Supp. 2005) states that "[p]etitions for paternity establishment may be filed by: (1) a biological mother; (2) a putative father; (3) a person for whom paternity is not presumed or established by court order; or (4) The Office of Child Support Enforcement of the Revenue Division of the Department of Finance and Administra-

tion." It is evident that the OCSE has the authority to bring a paternity action. Appellant cites *Bean v. Office of Child Support Enforcement, supra,* to support his argument that the payment should only be retroactive to the date of the complaint. However, in that case, this court noted that Ark. Code Ann. § 9-10-111 allows the chancery court to award support from as early as the date of the child's birth. *Id.* The trial court had opted to award past support from the date of the filing of the complaint against the putative father, and this court held that the decision was not clearly erroneous because the chancellor could have awarded support from the child's date of birth forward. *Id.* Similarly, in the instant case the trial court could have awarded support from Lakesha's birth forward. Therefore, the decision to award support from the date of her mother's death, June 2002, was not clearly erroneous. While appellant briefly mentioned that the payment should end at the date of the child's eighteenth birthday, he never developed that argument and did not cite the legal authority in support. This court will not consider and research that argument *sua sponte. Johnson v. State,* 356 Ark. 534, 157 S.W.3d 151 (2004).

Finally, appellant asserts laches as an affirmative defense to appellee's paternity claim. Appellant did raise waiver as an affirmative defense in his pleadings to the trial court. The trial court agreed with appellant and noted that there was no explanation offered regarding the failure of Lakesha's mother to bring an action against appellant for child support earlier. Accordingly, the court did not order support retroactive to birth. Rather, the court found that once the mother passed away and the responsibility for Lakesha became Sara Smith's, Smith acted promptly in her efforts to establish paternity and a support obligation. A party must affirmatively plead certain defenses, including laches. Ark. R. Civ. P. 8(c). Appellant did not raise the defense of laches at the trial court level, therefore we cannot determine if the trial court erred in failing to consider it. It has long been held that this court will not take up issues raised for the first time on appeal. *Smith v. State,* 363 Ark. 576, 215 S.W.3d 588 (2005).

Affirmed.