Jimmy BUMGARDNER *v.* STATE of Arkansas

CR 05-775                                   241 S.W.3d 762

Supreme Court of Arkansas
Opinion delivered October 26, 2006

*Craig Lambert,* for appellant.

No response.

PER CURIAM. Appellant Jimmy Bumgardner, by and through his attorney, Craig Lambert, has filed a motion for belated appeal.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *McDonald v. State,* 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party

or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* (footnote omitted). This court no longer requires an affidavit admitting fault before we will consider the motion. However, it is plain from Appellant's motion that there was error on Mr. Lambert's part. Under Ark. R. App. P. – Crim. 16(a), Mr. Lambert was obligated to represent Appellant "throughout any appeal to the Arkansas Supreme Court or Arkansas Court of Appeals, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause." Mr. Lambert filed a motion to withdraw as counsel before the circuit court, alleging that "sufficient cause" existed because Appellant had not paid him, but that motion was denied.[1] Thus, Mr. Lambert was obligated to timely perfect Appellant's appeal, and he did not do so.

Notably, the record clearly indicates that Appellant wanted to appeal. In fact, Appellant timely filed a pro se notice of appeal but mistakenly referenced a "final order . . . entered on March 16, 2005," instead of the actual judgment entered on March 21, 2005. Thus, his appeal to date has not been timely perfected. Accordingly, we grant Appellant's motion to file a belated appeal. A copy of this opinion will be forwarded to the Professional Conduct Committee.

Motion granted.

---

[1] We note that a client's failure to pay attorney's fees is not sufficient cause to withdraw as counsel.