Tommy R. SEVIER, Jr. *v.* STATE of Arkansas

CR 06-1404 246 S.W.3d 440

Supreme Court of Arkansas
Opinion delivered January 4, 2007

*Don Cooksey*, for appellant.

No response.

PER CURIAM. Tommy R. Sevier, Jr., by his attorney, Don Cooksey, has filed a motion for rule on clerk. In the motion, Mr. Cooksey states that the record was in transit to this court on November 28, 2006. However, the record in the matter was due, according to Ark. R. App. P. – Civ. 5(a), within ninety days from the filing of his notice of appeal. Here, appellant filed his notice of appeal on July 28, 2006, which, due to the deemed denial of his motion for new trial, took effect on August 1, 2006. Thus, his record was due to be filed with this court on October 30, 2006. Appellant's record was not filed until November 28, 2006.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

 It is plain from the motion that there was error on Mr. Cooksey's part. The record in appellant's case was not even in transit to this court until after the deadline for its filing. Pursuant to *McDonald v. State, supra,* we grant Sevier's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.