Randolph McDONALD *v*. STATE of Arkansas

CR 03-957                                        146 S.W.3d 883

Supreme Court of Arkansas
Opinion delivered February 12, 2004

[Rehearing denied March 4, 2004.]

*Jeff Rosenzweig*, for respondent, Laura Cunningham.

No response.

J IM HANNAH, Justice. This matter arises from contempt proceedings against attorney Laura L. Cunningham regarding a motion for rule on the clerk filed by her in her representation of Randolph McDonald. Cunningham asserts that this court erred in finding her notice of appeal untimely although it was filed more than six months after entry of the order appealed from in the notice. A notice of appeal must identify the order appealed from and must be filed within thirty days of the entry of the order appealed from. Cunningham failed to file a notice of appeal within thirty days of the order appealed from and is at fault for failing to do so.

Cunningham argues, however, that the filing was not untimely because her error was only a failure to note the correct order in the notice of appeal, that the doctrine of substantial compliance makes the notice adequate even if there are failings in the notice of appeal, and that the court's reading of the rule on filing a notice of appeal violates due process. There is no merit to these arguments. Cunningham's motion for rule on the clerk is granted as a motion for belated appeal, and a copy of this decision will be forwarded to the Committee on Professional Conduct. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1, 5) (2003).

### Facts

The essential facts regarding the notice of appeal are not in dispute. Cunningham filed a notice of appeal more than six months after entry of the order appealed from.

McDonald is appealing the denial of a motion to suppress under Ark. R. Crim. P. 24.3 (2002). McDonald moved to suppress evidence seized in a vehicle stop and inventory search. That motion was denied by a pretrial order entered November 4, 2002. The Plea Agreement and Order was not entered until April 14, 2003. The Judgment and Commitment Order was not filed until June 4, 2003. An order attempting to preserve the right to appeal from the denial of the motion to suppress was filed May 5, 2003.

The Notice of Appeal was filed May 7, 2003, and states that appeal is taken from the "Order and Opinion denying his Motion to Suppress entered herein on the 4th of November, 2002." The clerk of this court rejected the appeal because the Notice of Appeal was not filed within thirty days of the November 4, 2002, order appealed from as required by Ark. R. App. P.—Crim. 2 (2003).

Cunningham filed a motion for rule on the clerk. She denied any fault for the late notice of appeal. This court issued a *per curiam* on September 11, 2003, providing that the motion for rule on the clerk would be granted when Cunningham filed an affidavit accepting responsibility for failing to timely file the notice of appeal. Cunningham filed a motion for reconsideration of the denial of her motion for rule on the clerk stating that she would not accept fault and would not file an admission of fault. By a *per curiam* dated November 6, 2003, Cunningham was ordered to appear before this court on November 20, 2003, to show cause why she should not be held in contempt for failing to comply with the September 11, 2003, *per curiam*. At the hearing, Cunningham plead not guilty to contempt, and this court ordered that Cunningham file a brief to assist this court in making its decision.

### The Notice of Appeal was Untimely

■ Cunningham identified the order or judgment appealed from in her notice of appeal as the November 4, 2002, order on the motion to suppress. A notice of appeal must identify the order appealed from and be filed within thirty days of that order. Ark. R. App. P.—Crim. 2. Cunningham filed the notice of appeal on May 7, 2003, more than six months after the order appealed from. The notice of appeal was untimely under Ark. R. App. P.—Crim. 2. Cunningham asserts, however, that she is in substantial compliance. She did file the notice of appeal within thirty days of the entry of the Plea Agreement and Order as well as the judgment; however, the clerk of this court received a notice of

appeal showing that McDonald was attempting to appeal from a November 2002 order in May 2003. The notice of appeal was properly rejected by the clerk. The rule requires that the notice of appeal be filed within thirty days of the order appealed from. This was not done. Substantial compliance does not apply under these facts.

### Relief For Failure To Perfect An Appeal

We take this opportunity to clarify the application of our rules providing for relief for failure to perfect an appeal. A brief discussion of the history predating the current rules is pertinent to our discussion. The remedy for failure to perfect an appeal is granted by this court under Ark. R. App. P.—Crim. 2 and Ark. Sup. Ct. R. 2-2 (2003) as a part of the right to a criminal appeal. Rule 2 provides relief where a notice of appeal is not timely filed, and Rule 2-2 provides relief where the record is not timely docketed.

We first note that this court sets the terms for obtaining relief from the failure to perfect an appeal. Relief from failure to perfect an appeal is provided as part of the appellate procedure granting the right to an appeal. The State is not required under the United States Constitution to grant a criminal appeal. *Gilliam v. State*, 305 Ark. 438, 808 S.W.2d 738 (1991); *Griffin v. Illinois*, 351 U.S. 12 (1956). However, this state has granted the right to appeal for many years.

> This court, long before *Griffin v. Illinois*, 351 U.S. 12, 100 L.Ed. 891, 76 S. ct. 585 (1955), and *Douglas v. California*, 372 U.S. 353, 9 L.Ed. 811, 83 S. ct. 814, reh. den. 373 U.S. 905, 10 L.Ed.2d 200, 83 S. ct. 1288 (1963), permitted paupers to appeal their convictions, a full transcript of the proceedings at the trial being furnished without cost, with court appointed counsel directed to handle such appeals.

*Manning v. State*, 246 Ark. 1013, 1016, 442 S.W.2d 207 (1969).

Even though there is no mandate for a State to provide an appeal, restraints are imposed by the United States Constitution when the right to appeal is granted. *Smith v. Robbins*, 528 U.S. 259 (2000). For example, to the extent that a right of appeal is granted, equal protection applies. *Gilliam, supra*. Also, where a right to appeal is granted, there is a consequent right to counsel under the Sixth Amendment to the United States Constitution. *Anders v.*

*California,* 386 U.S. 738 (1967), *Douglas v. California,* 372 U.S. 353 (1963); *Griffin, supra.* These restraints also apply to our rules on relief from failure to perfect an appeal. Under Ark. R. App. P.—Crim. 2 and Ark. Sup. Ct. R. 2-2, this court provides an attorney or a party the right to argue that there is good reason why the appeal was not timely perfected and also the right to concede error.

■ We first clearly distinguish our rules. If the issue of failure to perfect an appeal involves a *notice of appeal,* then relief must be sought under Ark. R. App. P.—Crim. 2. If the issue of failure to perfect an appeal involves *docketing the record,* then relief must be sought under Ark. Sup. Ct. R. 2-2.

■ Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure is titled "Time and method of taking appeal," and provides in pertinent part, that a notice of appeal must be filed within thirty days from the date of entry of a judgment. Ark. R. App. P.—Crim. 2(a)(1). Rule 2(e)

provides:

> Failure to pursue appeal. Failure of the appellant to take any further steps to secure the review of the appealed conviction shall not affect the validity of the appeal but shall be ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal. The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit. However, no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken. If no judgment of conviction was entered of record within ten (10) days of the date sentence was pronounced, application for belated appeal must be made within eighteen (18) months of the date sentence was pronounced.

Ark. R. App. P.—Crim. 2(e) (2003). Under Ark. R. App. P.—Crim. 2, an attorney or a criminal defendant may seek relief when he or she is not at fault for the failure to perfect the appeal and where good reason can be shown. Examples where "good reason" was shown and the motion was granted may be split into two types of cases.

The first type is where the court makes the error causing the appeal to be untimely. For example, in *Kelly v. State*, 301 Ark. 294, 783 S.W.2d 369 (1990), the record failed to show that the circuit clerk notified Kelly of the denial of his petition for postconviction relief. This court stated that when the record is silent on whether the clerk complied with the rule requiring notice, and the Attorney General in his response to a motion for belated appeal is unable to provide the clerk's affidavit or some other proof that the order was mailed, it will be assumed that the petitioner was not notified of the denial of his motion. In *Kelly*, the motion to file a belated appeal was granted. *See also Porter v. State*, 287 Ark. 359, 698 S.W.2d 801 (1985).

The second type of case where "good reason" is found under Ark. R. App. P.—Crim. 2(e) includes motions for belated appeal filed by parties where the attorney has failed to timely file the notice of appeal. In these cases, it is the party, and not the attorney, who has good reason to show why the notice of appeal was not timely filed. In *Langston v. State*, 341 Ark. 739, 19 S.W.3d 619 (2000), Langston's motion to file a belated brief under Rule 2(e) was granted where there was no evidence contradicting Langston's assertion that she told her attorney that she wished to appeal, and he failed to do so. It should be noted that the relief in *Langston* was granted to the party and not to the attorney who erred in refusing to perfect the appeal.

In the case before us, the reason the notice of appeal was defective was because Cunningham failed to comply with the rule. It was Cunningham who filed the notice of appeal. While McDonald might be able to show "good reason" by way of Cunningham's failure to file an effective notice of appeal, Cunningham can show no "good reason" for her error. "[I]f merely declaring ignorance of the rules of procedure were enough to excuse lack of compliance, it would be just as well to have no rules since an appellant could simply bypass the rules by claiming a lack of knowledge." *Garner v. State*, 293 Ark. 309, 310, 737 S.W.2d 637, 638 (1987). An attorney is expected to know the law. *Lewellen v. Supreme Court Comm. on Pro. Conduct*, 353 Ark. 641, 110 S.W.3d 263 (2003).

We note that Cunningham states that she was told to file a motion for rule on the clerk by the clerk of this court. A motion for rule on the clerk was not the proper motion. Arkansas Supreme Court Rule 2-2 provides in pertinent part:

(a) Record tendered late. Where a record is tendered which, on its face, appears to be outside the time allotted for docketing the case, it shall be the duty of the Clerk to notify the attorney representing the appellant and note on the record the date the tender was made.

Rule 2-2 provides that a motion may be brought pursuant to Ark. Sup. Ct. R. 2-1 (2003) where the attorney asserts that the clerk of this court erred in refusing to docket the appeal. Ark. Sup. Ct. R. 2-2(b) (2003). Additionally, relief is available under Rule 2-2 where an attorney has erred. *Hudson v. State,* 351 Ark. 383, 93 S.W.3d 694 (2002). Although the proper motion should be filed, the procedure followed by this court under each rule is similar.

■ The proper motion in this case was a motion for belated appeal. Cunningham cannot rely on representations of the clerk. An attorney is responsible for filing the appeal and cannot shift that responsibility to another. *See Beavers v. State,* 341 Ark. 649, 19 S.W.3d 23 (2000); *Lewis v. State,* 295 Ark. 165, 747 S.W.2d 91 (1988). However, where a motion for rule on the clerk is filed in error, it will be treated as a motion for belated appeal. *Smith v. State,* 325 Ark. 34, 921 S.W.2d 953 (1996).

Our oft cited case on failure to perfect an appeal is *Harkness v. State,* 264 Ark. 561, 572 S.W.2d 835 (1978). Although *Harkness* involved the failure to timely tender the record, it has also been cited in cases involving failure to file a timely notice of appeal. *Ervin v. State,* 352 Ark. 517, 102 S.W.3d 501 (2003). Our best starting point in setting out the law lies in the discussion of federal cases that lead to *Harkness, supra.*

In *Gross v. Bishop,* 273 F. Supp. 992 (E.D. Ark. 1967), the United States District Court discussed due process rights and the failure of counsel to file a timely appeal. Gross was convicted of first-degree murder and confined to prison. Gross informed his trial attorney that he wished to appeal his conviction. The attorney asked the trial judge if he had to represent Gross on appeal. The trial judge told counsel he did not need to file an appeal and trial counsel took no action on the appeal beyond informing Gross of time periods within which Gross had to perfect his appeal. Gross wrote the attorney asking that he notify the circuit court of his desire to appeal. The attorney did not do so. Gross tried to write the circuit court, but prison officials would not allow the letters to be mailed. The federal district court concluded that Gross's due-

process rights had been violated, and that the circuit court was not free to simply leave Gross to his own resources. The conviction was set aside.

Three years later in *Blanchard v. Brewer,* 429 F.2d 89 (8th Cir. 1970), the Eighth Circuit Court of Appeals analyzed the issue of denial of the right to an appeal by way of the right to counsel, as well as under due process. In *Blanchard,* the court discussed whether Blanchard was denied appellate review through no fault of his own. In *Blanchard,* the attorney erred in attempting to perfect the appeal by use of Iowa civil appellate procedure and suffered a dismissal. From *Blanchard,* it is clear that denial of appellate review based on failure to perfect the appeal may constitute a denial of due process and a denial of effective assistance of counsel.

This court responded to *Blanchard* in *Harkness, supra,* stating:

> Since to deny the motion for a Rule on the Clerk would furnish grounds for Petitioner to obtain a new trial in a post-conviction proceeding, we as a pragmatical matter must grant the motion to docket the record as a belated appeal.

*Harkness,* 264 Ark. at 562. In *Harkness,* the attorney filed an affidavit stating he had inadvertently miscalculated the time to tender the record. *Blanchard* was cited in *Harkness* as holding that the denial of an appeal for such a cause "amounts to a denial of a constitutional right, on the theory that such a miscalculation, although honestly made, amounts to ineffective assistance of counsel." *Harkness,* 264 Ark. at 561-62.

The law on belated appeals caused by attorney error was further developed in *In Re Belated Appeals in Criminal Cases,* 265 Ark. 964, 582 S.W.2d 7 (1979), where this court stated:

> The purpose of the exception, to take care of hardship cases, is being disregarded, in that counsel tender out-of-time transcripts without a good reason for the delay. In order to put the responsibility where it belongs, on the shoulders of the lawyer who is at fault, hereafter when no good cause for the error is shown, the court will publish a *per curiam* order allowing the appeal, giving the name of the lawyer, and stating why no good reason has been shown for the omission. A copy of the order will be sent to the court's Committee on Professional Conduct, to be kept in its files for the Committee's information if any complaint of any kind should later be filed against that lawyer.

*In Re Belated Appeals*, 265 Ark. at 965. *In Re Belated Appeals* lays out the principle that where an attorney is at fault for a belated appeal, the attorney will be reported to the Committee on Professional Conduct.

■ The law can be summarized simply. Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself.[1] There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

The discussion in *Shuffield v. State*, 292 Ark. 185, 729 S.W.2d 11 (1987), is particularly helpful to understanding the application of the rules providing relief from failure to perfect an appeal. This court in *Shuffield* refers to Rule 5, which was the earlier version of Ark. Sup. Ct. R. 2-2:

> There is, however, a solution available to remedy these omissions, i.e. a motion for a rule on the clerk under Rule 5, Rules of the Supreme Court and Court of Appeals, based on an admission by counsel that the failure to lodge the record after the notice of appeal was filed was due to his own neglect. That procedure has been established and frequently followed since *Harkness v. State*, 264 Ark. 561, 572 S.W.2d 835 (1978), and *In Re: Belated Appeals in Criminal Cases, Per Curiam,* February 5, 1979, 265 Ark. 964. Where counsel assumes responsibility the motion for a rule on the clerk is granted routinely. Where counsel fails to accept responsibility, but it is plain from the record where the fault lies, we have granted the rule on the clerk upon a finding that counsel's neglect was the occasion for the failure to tender the record in a timely manner. In both instances the Committee on Professional Conduct is informed of the occurrence.

*Shuffield,* 292 Ark. at 187-188. *Shuffield* followed *Harkness, supra.*

■ We note that some confusion has arisen in our cases in more recent years because we have often required an admission

---

[1] We note that Ark. R. App. P.—Crim. 2(e) discusses an affidavit; however, this court has historically also allowed an admission to be made in the motion, and we will continue to do so.

of fault before a motion for rule on the clerk will be granted. *See Welch v. State*, 353 Ark. 654, 111 S.W.3d 378 (2003); *Jones v. State*, 353 Ark. 121, 111 S.W.3d 853 (2003); *Fisher v. State*, 352 Ark. 567, 104 S.W.3d 744 (2003); *Sanders v. State*, 338 Ark. 216, 991 S.W.2d 611 (1999); *Willingham v. State*, 326 Ark. 468, 932 S.W.2d 751 (1996); *Rockett v. State*, 317 Ark. 430, 877 S.W.2d 593 (1994). We will no longer require an affidavit admitting fault before the motion will be considered by this court. However, where an attorney has erred, and is responsible for the failure to perfect the appeal, the attorney should candidly admit fault in the interest of providing his or her client with an expeditious appeal. If an attorney is at fault, and becomes an obstacle to the appeal in refusing to cooperate in resolving the reason the appeal was not perfected, the contempt powers of this court will be used. An attorney should do all in his or her power to see that a client's appeal moves forward without delay, and as this court has noted, where an affidavit of fault is filed the motion will be routinely granted. *Shuffield, supra.*

We now clarify the application of both Ark. R. App. P.—Crim. 2 and Ark. Sup. Ct. R. 2-2. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct.

Where a motion seeking relief from failure to perfect an appeal is filed, and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. However, the matter of attorney error will be remanded to the trial court to make findings of fact. *See, e.g., Frazier v. State*, 339 Ark. 173, 3 S.W.3d 334 (1999). Upon receipt by this court of the findings, this court will render a decision on attorney error. *Id.*

By way of example, that this court will decide the matter on the motion, affidavits, and record where possible, we cite to *Stewart v. State*, 319 Ark. 242, 889 S.W.2d 771 (1995), where we stated:

> Although Mr. Finkelstein apologizes for failing to meet the deadline, he does not admit fault. We will, however, treat his failure to state good cause as an admission of fault and forward a copy of this

opinion to the Committee on Professional Conduct. *Anderson v. State*, 277 Ark. 391, 641 S.W.2d 715 (1982).

*Stewart*, 319 Ark. at 242.

■ In the case before this court, the record shows that Cunningham referred to the wrong date in the notice of appeal, making it defective. No further facts need to be determined. There is no merit to Cunningham's claims of constitutional violations or that she is being compelled to admit fault. She asserted that she was not at fault. This court considered her arguments and concluded she was at fault. There is no need for Cunningham to admit fault. The record plainly shows that she is at fault. No contempt citation is merited on these facts. The motion for rule on clerk is granted as a motion for belated appeal. This opinion will be forwarded to the Committee on Professional Conduct.