Irene WADDLE *v.* STATE of Arkansas

CR 04-179                                           156 S.W.3d 226

Supreme Court of Arkansas
Opinion delivered March 25, 2004

*John R. Irwin*, for appellant.

No response.

Pᴇʀ Cᴜʀɪᴀᴍ. Appellant Irene Waddle timely filed a notice of appeal in this case on July 31, 2003, from a conviction judgment in the Circuit Court of Scott County, entered on July 8,

2003. On September 2, 2003, the trial court found Waddle was indigent, and it ordered the public defenders's office to continue to represent Waddle throughout this appeal. It further ordered that the court reporter and clerk of the Scott County Circuit Court cause the transcript of proceedings, all exhibits thereto, and all pleadings in this case be prepared for the filing of an appeal, with costs to be borne by the State. In an order entered on October 27, 2003, the trial judge noted his September 2, 2003, order, and found that the transcript had not been supplied to Waddle or docketed with the supreme court clerk. In the October 27, 2003, order, the circuit court granted Waddle a ninety-day extension of time to receive the transcript and to perfect her appeal. A second or "Amended Order," filed and stamped October 27, 2003, also appears in the record which was tendered to the supreme court clerk. This "Amended Order" appears to be a certified copy of the first October 27, 2003, order, but the "Amended Order" reflects a handwritten interlineation that has been added and reads, "It is the intent of this Court to grant an additional 90 days from October 31, 2003." The record shows that the "Amended Order" was certified by the Scott County Clerk on February 11, 2004, but it was not filed with the supreme court clerk until February 13, 2004.

In a letter mailed to the circuit judge dated January 19, 2004, and filed January 21, 2004, Waddle again requested a continuance or extension of time for appeal due to the fact that the transcript and record had not yet been received from the court reporter and circuit clerk. Waddle attached to her January 19, 2004, letter her proposed order which would have given her an extension of 120 days from January 31, 2004, to file her record. That proposed order was not signed by the judge.

The Scott County Circuit Clerk released the trial transcript to Waddle on January 27, 2004, and it was tendered to the supreme court clerk on January 28, 2004. The supreme court clerk refused to docket the transcript, stating that the Scott County Circuit Court lacked authority to grant an extension of time for filing to January 29, 2004, by merely adding language to the October 27, 2003, order to say, "It is the intent of this Court to grant an additional 90 days from October 31, 2003," instead of October 27, 2003 — the date the first order was signed and filed.

Waddle relies upon Ark. R. App. P.—Civil 5(a) and (b) in support of her motion. Rule 5(a) states that the record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice

of appeal, unless the time is extended by order of the circuit court. Rule 5(b) states that the circuit court may extend the time for filing the record on appeal if an extension is necessary for the inclusion in the record of evidence or proceedings stenographically reported. Rule 5(b) goes on to state that the order of extension must be entered before the expiration of the period for filing as extended by a previous order.

■■ The supreme court clerk was correct in finding that the time for filing the transcript for appeal began on October 27, 2003, making Waddle's record due within 90 days from that date, January 26, 2004. Since Waddle did not tender her record until January 28, 2004, her appeal was untimely.

Ark. R. App. P.—Crim. 16(a) provides:

> (a) Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court or Arkansas Court of Appeals, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal of a judgment of conviction has been filed, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.

Nothing in the record indicates that her attorney, John R. Irwin, has been relieved of counsel, therefore, he is responsible for filing the appeal in this case.

Arkansas Supreme Court Rule 2-2 provides in pertinent part:

> (a) Record tendered late. Where a record is tendered which, on its face, appears to be outside the time allotted for docketing the case, it shall be the duty of the Clerk to notify the attorney representing the appellant and note on the record the date the tender was made.

Rule 2-2 provides that a motion may be brought pursuant to Ark. Sup. Ct. R. 2-1 (2003) when the attorney asserts that the clerk of this court erred in refusing to docket the appeal. Ark. Sup. Ct. R. 2-2(b) (2003).

■■ Here, we have determined that the clerk of this court did not err in refusing to docket the appeal. Thus, the attorney responsible for filing the appeal is left with only the

option of admitting fault. In a recent opinion of this court, *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), our court stated that, when an attorney has erred, and is responsible for the failure to perfect the appeal, the attorney should candidly admit fault in the interest of providing his or her client with an expeditious appeal. If an attorney is at fault and becomes an obstacle to the appeal in refusing to cooperate in resolving the reason the appeal was not perfected, the contempt powers of this court will be used. An attorney should do all in his or her power to see that a client's appeal moves forward without delay. When an affidavit of fault is filed, the motion will be routinely granted and a copy of the opinion forwarded to the Committee on Professional Conduct. *See McDonald, supra.*

In the case before this court, the court has concluded that Irwin was responsible for filing a timely record on appeal, and he failed to do so. Upon the filing of a proper motion for rule on the clerk in which he admits fault for not filing a timely record on appeal, the motion will be granted. Mr. Irwin has thirty days to file a motion.