Jabree Montrey BRYANT *v.* STATE of Arkansas

04-722                                                    190 S.W.3d 908

Supreme Court of Arkansas
Opinion delivered September 9, 2004

*William O. "Bill" James*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

P<small>ER</small> C<small>URIAM</small>. Jabree Montrey Bryant, by his attorney, William O. "Bill" James, has filed a motion for belated appeal.

On September 22, 2003, the circuit court denied Bryant's motion to transfer his case to juvenile court. At the time of the hearing on the motion to transfer, the record reflects that Bryant was represented by Mark Leverett. On December 9, 2003, Bryant's current counsel filed an entry of appearance. Mr. James then filed an untimely notice of appeal from the denial of transfer on Bryant's behalf on March 26, 2004.

This court recently clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> . . . Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *See id.* At that time, the matter of attorney error will be remanded to the trial court to make findings of fact. *See id.* Upon receipt of the findings by this court, it will render a decision on attorney error. *See id.*

In the present case, the motion and accompanying record fail to reveal plainly whether there was attorney error by either of Bryant's attorneys. For that reason, we direct the clerk to accept the appeal, and we remand the matter of attorney error to the circuit court to make findings of fact.