Raymond KING *v.* STATE of Arkansas

CR 04-1023                                    196 S.W.3d 486

Supreme Court of Arkansas
Opinion delivered October 28, 2004

*Susan D. Korsnes*, for appellant.

No response.

PER CURIAM. Raymond King, by his attorney, Susan D. Korsnes, has filed a motion for belated appeal.

On April 22, 2004, the circuit court entered a judgment and commitment order convicting King of theft of property and sentencing him to thirty years' imprisonment. On May 10, 2004, Ms. Korsnes filed a petition for King's post-conviction relief under Ark. R. Crim. P. 37.1. The circuit court denied that petition by order filed June 7, 2004. King then filed his notice of appeal on June 23, 2004, from both the judgment and commitment order and the order denying post-conviction relief. On September 20, 2004, the record in the matter was tendered to this court's clerk.

Ms. Korsnes now claims that she believed the notice of appeal was timely pursuant to Ark. R. App. P.—Crim. 2(a)(4) which provides, in pertinent part:

(a) *Notice of Appeal.* Within thirty (30) days from

. . . .

(4) the date of entry of an order denying a petition for postconviction relief under Ark. R. Crim. P. 37, the person desiring to appeal the judgment or order or both shall file with the trial court a notice of appeal identifying the parties taking the appeal and the judgment or order or both being appealed. . . .

This court recently clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

. . . Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second,

> where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

▇ It is plain from her motion that there was error on Ms. Korsnes's part. The language of Arkansas Rule Appellate Procedure—Criminal 2(a)(4) is clear. "[T]he person desiring to appeal the judgment or order or both" clearly contemplates an appeal from an entry of judgment and an order denying a Rule 37 motion within thirty days of the judgment. It does not extend the time for appealing a judgment beyond that time period. Ms. Korsnes's interpretation is not reasonable as it ignores the context of Ark. R. App. P.—Crim. 2(a)(4) and would allow appeals from judgments several months after the judgment was entered. Pursuant to *McDonald v. State, supra,* we grant King's motion for belated appeal and forward a copy of this opinion to the Committee on Professional Conduct.