Brian CROSSNO *v.* STATE of Arkansas

CR 06-849

Supreme Court of Arkansas
Opinion delivered January 25, 2007

*Dunham & Faught, P.A.*, by: *James Dunham*, for petitioner.

No response.

PER CURIAM. Petitioner, Brian Crossno, filed a petition for rehearing for reconsideration of our per curiam opinion, *Crossno v. State*, CR 06-849 (Ark. Dec. 14, 2006). In *Crossno*, we treated petitioner's motion for rule on clerk as a motion for belated appeal, denied Mr. Dunham's motion to be relieved as counsel, and granted petitioner's request to pursue a belated appeal under Ark. R. App. P. – Crim. 2(e). We stated that petitioner's attorney, Mr. James Dunham, did not file a notice of appeal from the denial of petitioner's motion for reconsideration, and we held that Mr. Dunham failed to file a timely notice of appeal. Further, we requested that a copy of the per curiam opinion be forwarded to the Committee on Professional Conduct. *Crossno, supra.* Petitioner now requests that we set aside those findings. We remand the case to the Johnson County Circuit

Court for a determination of the facts surrounding Mr. Dunham's notice of appointment and petitioner's request to appeal.

A full recitation of the facts are presented in *Crossno, supra.* The circuit court dated an order denying a pro se motion for reconsideration and a petition for alternative public service work on April 5, 2006, and the order was filed of record on April 21, 2006. At that time, petitioner was represented by Mr. Herschel Cleveland. On April 26, 2006, the circuit court appointed the Arkansas Public Defender Commission to represent petitioner. The April 26, 2006, order states that a copy was sent to Mr. Dunham, but in his petition, he states that no such order was received by him. Further, Mr. Dunham claims in his petition that he was never appointed by this court to represent petitioner. Mr. Dunham states that he received notice of the case on May 23, 2006, at which time he filed a motion to extend the time to file the record on appeal.

We clarified the treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While we no longer require an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* However, where a motion seeking relief from failure to perfect an appeal is filed and it is not plain from the motion, affidavits, and record whether there is attorney error, the clerk of this court will be ordered to accept the notice of appeal or record, and the appeal will proceed without delay. *See id.* At that time, the matter of attorney error will be

remanded to the trial court to make findings of fact. *See id.* Upon receipt of the findings by this court, it will render a decision on attorney error. *See id.*

Under these circumstances, we remand this case to the circuit court for a full determination on the issues of whether Mr. Dunham had notice of his assignment to the case, whether Mr. Dunham had notice of petitioner's request to file the appeal, and whether Mr. Dunham had notice of the case between April 21, 2006, the date the circuit court's order was entered, and May 23, 2006, when Mr. Dunham claims to have received notice of the April 26, 2006, order.

Petition granted; case remanded to the circuit court.