Delroy George FOSTER *v.* STATE of Arkansas

CA CR 07-1240                                    270 S.W.3d 871

Supreme Court of Arkansas
Opinion delivered January 10, 2008

*Joseph C. Self*, for appellant.

No response.

Per Curiam. Appellant Delroy George Foster, by and through his attorney, Joseph C. Self, has filed a motion for rule on clerk. In his motion for rule on clerk, he explains that he erroneously marked November 16, 2007, on his calendar as the deadline for the record to be filed in this case when the deadline on the order extending time for filing the record is November 9, 2007. The judgment and commitment order was filed on February 9, 2007, and a motion for new trial timely followed on March 8, 2007. The notice of appeal of the February 9 judgment was filed on April 16, 2007, after the motion for new trial was deemed denied on April 9, 2007. On July 11, 2007, within three months of the first notice of appeal, Appellant moved for an extension of time to file the record on appeal. On that same date, the circuit court entered an order extending the time to file the record to November 9, 2007. After remand for a Rule 5 compliance order extending time to file the record, Appellant filed this motion for rule on clerk.

Mr. Self acknowledges that the record was untimely tendered due to an error on his part. This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), where we said that there are only two possible reasons for an appeal not being timely perfected: either the party or the attorney filing the appeal is at fault, or there is "good reason." *McDonald v. State*, 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

■ In accordance with *McDonald, supra,* Mr. Self has candidly admitted fault. The motion for rule on clerk is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.