Steven Lee SMITH *v.* STATE of Arkansas

CR 08-12                                                    272 S.W.3d 105

Supreme Court of Arkansas
Opinion delivered January 24, 2008

*Scott A. Ellington*, for appellant.

No response.

PER CURIAM. Appellant Steven Lee Smith, by and through his attorney, Scott A. Ellington, has filed a motion for rule on clerk to file his record and have his appeal docketed. Smith was convicted of fleeing, second-degree battery, two counts of aggravated assault, and leaving the scene of an accident with personal injury. A judgment and commitment order reflecting his convictions was entered on May 24, 2007, and an amended judgment and commitment order was entered on June 5, 2007.

Mr. Ellington filed a notice of appeal on June 20, 2007, designating the May 24, 2007, order as the order appealed from. On September 13, 2007, the time for filing the record on appeal was extended from September 18, 2007, until November 19, 2007, due to the court reporter's request for additional time to prepare the record. After discussing the matter with the court reporter, Mr. Ellington determined that the court reporter would need the full seven months from the date of the judgment in which to complete the transcript. Accordingly, Mr. Ellington obtained an additional order from the trial court on September 13, 2007, extending the time for filing the record until January 3, 2008, a date that fell within seven months from the judgment entered on June 5, 2007. *See* Ark. R. App. P.–Civ. 5(b)(2) (2007).

Mr. Ellington attempted to lodge the transcript with our clerk's office on January 3, 2008, but the clerk's office rejected it, saying that the trial court was without jurisdiction to extend the time for the filing of the record beyond December 24, 2007, or seven months from the date of the entry of the first judgment and commitment order. Mr. Ellington therefore filed the instant motion for rule on clerk on January 3, 2008, arguing that Rule 5(b)(2) permits the extension of time for lodging the record on appeal to be calculated form the latest date of entry of a judgment and commitment order. However, he cites no authority in support of this argument.

In the alternative, Mr. Ellington accepts responsibility for miscalculating the time to file the record. This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." *McDonald v. State*, 356 Ark. at 116, 146 S.W.3d at 891. We explained:

Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

■ In accordance with *McDonald v. State, supra*, Mr. Ellington has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.