375 Ark. 482

**Steve STEWART, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–29.**

Supreme Court of Arkansas.

Jan. 30, 2009.

Gene E. McKissic, for appellant.

No response.

PER CURIAM.

Appellant Steve Stewart, by and through his attorney, Gene E. McKissic, has filed a motion for rule on clerk.

Stewart was convicted of multiple counts of perjury by an Ashley County jury; the judgment and commitment order was entered on June 3, 2008. On June 19, 2008, Stewart filed a timely notice of appeal. Shortly thereafter, the court reporter informed Gene McKissic, Stewart's attorney that, due to the number of appeals pending, he would need to file a motion for extension of time to lodge the record. Mr. McKissic filed such a motion on August 19, 2008, and the circuit court granted it on August 21, 2008. The record was tendered to this court on January 12, 2009,

and our clerk refused to accept it as it was tendered more than seven months from the date of the entry of the judgment from which the appeal is taken. *See* Ark. R.App. P.-Civ. 5(b)(2). Mr. McKissic has now filed the instant motion for rule on clerk in which he accepts responsibility for miscalculating the deadline for filing the record.

This court clarified its treatment of motions for rule on clerk in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.,* 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra,* Mr. McKissic has candidly admitted fault. The motion is, therefore, granted,

and a copy of this opinion will be forwarded to the Committee on Professional Conduct.