2009 Ark. 155

**Brad SINGLETON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–176.**

Supreme Court of Arkansas.

March 19, 2009.

Kathy L. Hall, for appellant.

No response.

PER CURIAM.

Appellant, Brad Singleton, by and through his attorney, Kathy L. Hall, has filed the instant motion for rule on clerk. Singleton pleaded guilty to one count each of theft by receiving and fleeing. A judgment and commitment order was entered on October 21, 2008. Appellant filed a notice of appeal on November 12, 2008, making the record due in this court by February 10, 2009. Appellant tendered the record here on February 23, 2009, and it was rejected as untimely. Now, in seeking this court's leave to file the record, Ms. Hall accepts full responsibility for miscalculating the deadline for filing the record.

This court clarified its treatment of motions for rule on clerk in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is

"good reason." *Id.* at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See McDonald,* 356 Ark. 106, 146 S.W.3d 883.

In accordance with *McDonald,* Ms. Hall has candidly admitted fault. The motion is, therefore, granted, and a copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion for rule on clerk granted.