2009 Ark. 210

**Terrance M. RHODES, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–306.**

Supreme Court of Arkansas.

April 16, 2009.

J. Brent Standridge, for appellant.

No response.

PER CURIAM.

Terrance M. Rhodes, by his attorney, J. Brent Standridge, has filed a motion for belated appeal.

The record reflects the following facts. During Rhodes's trial, he was represented by Paul K. Lancaster. On July 14, 2008, the circuit court entered a judgment and commitment order convicting Rhodes of murder and aggravated robbery and sentencing him to 720 months' imprisonment. Rhodes's notice of appeal would have been due by August 13, 2008, but none was filed. On August 15, 2008, at 2:23 p.m., an order substituting and appointing J. Brent Standridge as counsel for Rhodes was filed, and at 2:24 p.m., Mr. Standridge filed a notice of appeal on Rhodes's behalf. Rhodes's record would have been due to this court by November 13, 2008; however, Rhodes timely filed a motion for extension of time, which was granted by the circuit court, extending the time in which to file the record until January 9, 2009. On January 8, 2009, the record was ten-

dered to this court, and Rhodes now moves this court for a belated appeal.

In the instant motion, Mr. Standridge takes responsibility for failing to ensure that a timely notice of appeal was filed. However, Mr. Standridge, at the time Rhodes's notice of appeal was to be filed, was not counsel of record for Rhodes. Arkansas Rule of Appellate Procedure–Criminal 16 (2008) provides, in pertinent part, that "[t]rial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal . . ., unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause." Accordingly, until relieved by the trial court, Mr. Lancaster was charged with the responsibility of filing a timely notice of appeal on Mr. Rhodes's behalf, not Mr. Standridge.[1]

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

It is plain from the record that Mr. Lancaster was at fault for failing to file a timely notice of appeal. Pursuant to *McDonald v. State, supra,* we grant Rhodes's motion for belated appeal and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.

---

1. We note, though, that because Mr. Standridge was substituted and appointed counsel for Rhodes prior to any notice of appeal being filed, the circuit court was within its jurisdiction to appoint Mr. Standridge, and his appointment stands. *See* Ark. R.App. P.-Crim. 16(a) ("After the notice of appeal of a judgment of conviction has been filed, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.").