Gregory **BROWN**, Appellant,

v.

**STATE of Arkansas**, Appellee.

No. CR 09–591.

Supreme Court of Arkansas.

June 25, 2009.

Clint Miller, for appellant.

No response.

MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant Gregory Brown, by and through his attorney, Clint Miller, has filed a motion for rule on clerk. On January 28, 2009, the circuit court entered a judgment and commitment order finding Brown guilty of possession of cocaine with intent to deliver, a Class Y felony, and sentencing him to five years' imprisonment. Brown timely filed his notice of appeal on February 26, 2009. However, the record was not tendered to our clerk until May 29, 2009.

The time limit set in Arkansas Rule of Appellate Procedure—Criminal 4(b) (2009)[1] requires that the record be ten-

1. Previously, we applied Arkansas Rule of Appellate Procedure—Civil 5(a) (2008) pursuant to Arkansas Rule of Appellate Procedure– Criminal 4(a) (2008); however, Ark. R.App.

dered to this court within ninety days of the date of the notice of appeal, unless the circuit court granted an extension of time. Here, the record was not tendered until two days after it was due. An extension of time was not granted.

 └₂This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

Brown's counsel admits fault within the motion. Pursuant to *McDonald v. State, supra,* we grant the motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.

P.—Crim. 4 has since been amended to include the time for filing the record.