2009 Ark. 407

Jennifer EMMERT, Appellant,

v.

ARKANSAS DEP'T OF HUMAN SERVICES and Minor Children, Appellees.

No. 09–944.

Supreme Court of Arkansas.

Sept. 10, 2009.

## MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant Jennifer Emmert, by and through her attorney, Deborah Sallings, has filed a motion for rule on clerk. On May 21, 2009, the circuit court entered an order terminating all parental rights between Jennifer Emmert and Gary Emmert and Dustin Norem and their children, A.N., J.N., K.E., and S.E. On June 9, 2009, the circuit court entered an order terminating all parental rights between Jennifer Emmert and Gary Emmert and their child, K.E. Jennifer Emmert timely filed her notice of appeal on June 9, 2009.

Pursuant to Arkansas Supreme Court Rule 6–9(d) (2009), in dependency-neglect cases, the record on appeal shall be filed with the Clerk of the Supreme Court within seventy days of the filing of the notice of appeal. Here, the record was not tendered until August 19, 2009, one day after it was due.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we stated:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself.

> There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

Emmert's counsel admits fault within the motion. Pursuant to *McDonald v. State*, we grant the motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.