2012 Ark. 322

**Bobby Charles NELSON, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 12–644.**

Supreme Court of Arkansas.

Sept. 6, 2012.

J. Brooks Wiggins, for appellant.

No response from appellee.

MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant, Bobby Charles Nelson, by and through his attorney, has filed a motion for a rule on clerk. The circuit court denied appellant's petition for the issuance of a writ of error coram nobis on April 20, 2012. A notice of appeal was filed on April 30, 2012, making the record due on July 29, 2012. Counsel tendered the record on July 31, 2012. The attorney, J. Brooks Wiggins, admits responsibility for the late tendering of the record.

This court clarified our treatment of motions for rule on clerk and motions for belated appeal in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good rea-son that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted).

While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald, supra,* Mr. Wiggins has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.