2013 Ark. 150

**Clay BREEDEN, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 13–205.**

Supreme Court of Arkansas.

April 11, 2013.

Randy Rainwater, Mena, for appellant.

No response.

MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant Clay Breeden, by and through his attorney, Randy Rainwater, has filed a motion for rule on clerk. On September 15, 2009, the circuit court entered a judgment and commitment order after accepting Breeden's guilty plea to possession of a schedule II controlled substance and possession with intent to use drug paraphernalia to manufacture methamphetamine. Breeden was sentenced to seventy-two months' supervised probation. On September 11, 2012, the circuit court entered an order revoking Breeden's probation, sentencing Breeden to sixty months' imprisonment. Breeden timely filed his notice of appeal on October 8, 2012. Pursuant to Arkansas Rule Appellate Procedure–Criminal 4(b) (2012), Breeden's record was due by January 7, 2013; however, the record was not tendered to this court's clerk until January 8, 2013.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.*

When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

The motion that is now before this court states:

Randy Rainwater was ill and away from work starting before Christmas 2012 and in the hospital from January 4, 2013 to January 11, 2013. That during this time the other public defender, Shane Ethridge, was instructed to file a motion for rule on the clerk. That Mr. Ethridge did not file it. I, Randy Rainwater, was still ill and out of the office until February 9, 2013 when allowed to return to work by the physicians and just discovered that the appeal was not done.

For the reasons set forth by Mr. Rainwater, we hold that good cause to grant the motion has been shown. We, therefore, grant Breeden's motion for rule on clerk.

Motion granted.