SLIP OPINION

Cite as 2014 Ark. 436

# SUPREME COURT OF ARKANSAS

No. CR–14–802

| | | |
|---|---|---|
| TRACY LAND DAVIS | | **Opinion Delivered** October 23, 2014 |
| | APPELLANT | |
| V. | | MOTION FOR RULE ON CLERK |
| STATE OF ARKANSAS | | MOTION GRANTED. |
| | APPELLEE | |

**PER CURIAM**

Appellant Tracy Land Davis, by and through his attorney, has filed a motion for rule on clerk. His attorney, Mark Klappenbach, states in the motion that the record was tendered late due to a mistake on his part.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

SLIP OPINION

*Id.*, 146 S.W.3d at 891 (footnote omitted).  While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal.  *See id*.

In accordance with *McDonald v. State*, *supra*, Mr. Klappenbach has candidly admitted fault.  The motion is, therefore, granted.  A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.