SLIP OPINION



Cite as 2014 Ark. 450

# SUPREME COURT OF ARKANSAS

No. CV–14–855

| | |
|---|---|
| CHRISTINA MOSHER | **Opinion Delivered** October 30, 2014 |
| APPELLANT | |
| | |
| V. | MOTION FOR RULE ON CLERK |
| | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | |
| | |
| APPELLEES | <u>GRANTED</u>. |

## PER CURIAM

Appellant Christina Mosher, by and through her attorney, Aaron Hill, has filed a motion for rule on clerk. On June 17, 2014, the circuit court entered an order terminating Mosher's parental rights, and Mosher timely filed a notice of appeal on July 8, 2014. Pursuant to Arkansas Supreme Court Rule 6-9(d) (2014), Mosher's record was due by September 16, 2014; however, the record was not tendered to this court's clerk until September 19, 2014. Mr. Hill was notified that the tendered record was untimely, and a motion for rule on clerk was needed. Accordingly, he has filed the instant motion on Mosher's behalf.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault

SLIP OPINION

where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id*. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id*. If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id*.

It is plain from the motion and record before us that there was error on Mr. Hill's part in failing to file a timely record. Pursuant to *McDonald*, *supra*, we grant Mosher's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.

*Aaron Scott Hill*, for appellant.

No response.