SLIP OPINION

Cite as 2015 Ark. 306

# SUPREME COURT OF ARKANSAS

No. CR–15-553

| | |
|---|---|
| SENGATHIT PHOUNSAVATH<br>APPELLANT | **Opinion Delivered** JULY 23, 2015 |
| V. | MOTION FOR RULE ON CLERK |
| STATE OF ARKANSAS<br>APPELLEE | <u>MOTION GRANTED</u>. |

**PER CURIAM**

Appellant Sengathit Phounsavath, by and through his attorney Marianne Hudson, brings the instant motion for rule on clerk. He seeks to appeal the February 24, 2015 sentencing order, wherein his probation for delivery of methamphetamine was revoked and he was sentenced to a term of sixty months' imprisonment and an additional 120 months' suspended imposition of sentence. He timely filed a notice of appeal on March 16, 2015, causing the record to be due in our clerk's office by June 16, 2015. It was not filed by that date and, in seeking this court's leave to file the record, Ms. Hudson accepts full responsibility for not filing the record by the deadline.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is good reason. *Id.* at 116, 146 S.W.3d at 891.

We explained as follows:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *Id*. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *Id*. If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *Id*.

It is plain from the motion and record before us that there was error on Ms. Hudson's part in failing to timely lodge the record. Pursuant to *McDonald*, we grant Phounsavath's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.