SLIP OPINION

Cite as 2015 Ark. 468

# SUPREME COURT OF ARKANSAS

No. CR-15-948

| | |
|---|---|
| RANDY WILLIAM GAY<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 10, 2015<br><br>MOTION FOR RULE ON CLERK<br><br><br><br>MOTION GRANTED. |

**PER CURIAM**

Appellant Randy William Gay, through his attorney Mark S. Fraiser, brings the instant motion for rule on clerk. Gay seeks to appeal the March 20, 2015 sentencing order convicting him of capital murder and sentencing him to death. He timely filed a notice of appeal on March 23, 2015, causing the record to be due in the office of this court's clerk no later than October 20, 2015. Gay did not submit the record by that date because his counsel requested and received an extension beyond the seven-month period allotted by Rule 4(c)(2) of the Arkansas Rule of Appellate Procedure–Criminal.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). In that case, we identified only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is good reason. *McDonald*, 356 Ark. at 116, 146 S.W.3d at 891. We explained as follows:

SLIP OPINION

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *Id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *Id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *Id.*

It is plain from the motion and record before us that there was error on Mr. Fraiser's part in failing to timely lodge the record. Pursuant to *McDonald*, we grant Gay's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.