Ronald L. MISHION *v.* STATE of Arkansas

07-321                                                    255 S.W.3d 869

Supreme Court of Arkansas
Opinion delivered April 26, 2007

*John Joplin*, for appellant.

No response.

PER CURIAM. Appellant Ronald L. Mishion, by and through his attorney, has filed a motion for rule on the clerk. His attorney, John Joplin, Public Defender for the 12th Judicial District, states in the motion that our clerk has refused to accept his untimely tender of the record.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *Id.* at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will

consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

Although Mr. Joplin does not accept responsibility for failing to perfect this appeal, it is clear that he failed to tender the record in a timely manner. Pursuant to Ark. R. App. P. – Civ. 5(b)(2) (2006), the circuit court may not extend the time for filing the record "more than seven (7) months from the date of the entry of the judgment or order . . . ." Here, the judgment and commitment order was entered on August 24, 2006. Therefore, the circuit court could not extend the deadline for filing the record beyond March, 25, 2007. The record, as certified by the circuit court clerk on March 7, 2007, was not tendered to our clerk until March 27, 2007. No further facts need to be determined. Mr. Joplin clearly failed to file the record in a timely manner.

In accordance with *McDonald v. State, supra,* there is no need for Mr. Joplin to admit fault. The record plainly shows that he is at fault. The motion for rule on the clerk is granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.