Craig FULLER *v.* STATE of Arkansas

CA CR 06-1272                                          261 S.W.3d 452

Supreme Court of Arkansas
Opinion delivered September 6, 2007

*Bill Luppen*, for appellant.

No response.

PER CURIAM. Appellant Craig Fuller, by and through his attorney, has filed a motion for rule on clerk. His attorney, Bill Luppen, states in the motion that he erroneously appealed the court's denial of his motion to suppress rather than the appellant's judgment of conviction, which he recognizes as error under Rule 24.3 of the Arkansas Rules of Criminal Procedure.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." *McDonald v. State*, 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra*, Mr. Luppen has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.