David L. JOHNSON *v.* STATE of Arkansas

CR 07–344                                          262 S.W.3d 139

Supreme Court of Arkansas
Opinion delivered September 13, 2007

*Hugh R. Laws*, for appellant.

No response.

PER CURIAM. Appellant David L. Johnson, by and through his attorney, has filed a motion for belated appeal. His attorney, Hugh R. Laws, states that on January 5, 2007, Johnson filed a defective notice of appeal in that it reserved the right to appeal from an order denying the motion to suppress, rather than the judgment and conviction order. On August 1, 2007, Johnson's appeal was dismissed, without prejudice, for lack of a proper notice of appeal. Mr. Laws now candidly admits that he erred by filing a defective notice of appeal from the judgment and conviction entered against Johnson on December 21, 2006, and that his error prevented Johnson from having his convictions reviewed.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed

with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra*, Mr. Laws has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.