Victoria S. WILLIFORD *v.* STATE of Arkansas

CR 07-904                                                      262 S.W.3d 614

Supreme Court of Arkansas
Opinion delivered September 20, 2007

*James D. Burns*, for appellant.

No response.

P ER CURIAM. Victoria S. Williford, by and through her attorney James D. Burns, filed a motion for rule on clerk asking this court to order the clerk to docket the appeal. The clerk refused to docket the appeal because the record was untimely. The notice of appeal was filed on March 8, 2007, making the record due by June 6, 2007. Williford attempted to docket the case on August 3, 2007. It is apparent that the record was presented after the 90 days permitted under Ark. R. App. P.–Civ. 5(a).

Williford argues that her record was not due until 90 days after entry of the order on her "Motion For Belated Appeal" filed in the circuit court entered on May 7, 2007. That motion sought relief for the alleged failure of the circuit clerk to file stamp and enter the notice of appeal on March 8, 2007, the day on which it was faxed and mailed to the circuit court. The circuit court entered

an order "that the Notice of Appeal was properly and timely filed on March 8, 2007, and should be file stamped accordingly." The Notice of Appeal and Designation of Record contained in the record bears a file stamp of March 8, 2007. Thus, the notice of appeal was filed on March 8, 2007, and the record had to be filed by June 6, 2007.

We note that although Williford characterized her motion in the circuit court as a "Motion for Belated Appeal," it was actually a motion for an order nunc pro tunc entering the Notice of Appeal on March 8, 2007. A nunc pro tunc order may be entered to make the court's record speak the truth or to show that which actually occurred. *Miles v. State*, 348 Ark. 544, 75 S.W.3d 677 (2002). In *Miles*, just as in the present case, the trial court's entry of the order nunc pro tunc, corrected the record to reflect the date action was taken in the circuit court.

We will treat the motion as a motion for belated appeal. This court clarified its treatment of a motion for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *Id.* at 116, 146 S.W.3d at 891. We explained why this is so:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present. (Footnote omitted.) [While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal.]

When it is plain from the motion, affidavits, and record that relief is proper under either error or good reason, the relief will be granted. *Id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *Id.*

■ It is plain from the motion that there was error on Mr. Burns's part. Burns obtained an order of the circuit court finding that the Notice of Appeal was filed on March 8, 2007, requiring it to be filed within 90 days of that date under Rule 5(a). He failed to do so. Pursuant to *McDonald, supra,* we treat this motion as a motion for belated appeal and grant it. We also forward a copy of this opinion to the Committee on Professional Conduct.