Jayson Wayne CARROLL *v.* STATE of Arkansas

CR 07-941                                        263 S.W.3d 535

Supreme Court of Arkansas
Opinion delivered September 27, 2007

*Don G. Gillaspie*, for appellant.

No response.

Per Curiam. Appellant Jayson Wayne Carroll, by and through his attorney, has filed a motion for rule on the

clerk. His attorney, Don G. Gillaspie, states in the motion that our clerk has refused to accept his untimely tender of the record.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *Id.* at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

Although Mr. Gillaspie does not accept responsibility for failing to perfect this appeal, it is clear that he failed to tender the record in a timely manner. Pursuant to Ark. R. App. P. – Civ. 5(a) (2007), the record on appeal must be filed with our clerk "within 90 days from the filing of the notice of appeal, unless the time is extended by order of the circuit court as hereinafter provided." The circuit court may extend the time for filing the record "by order entered before expiration of the period prescribed in subdivision (a) of this rule." Ark. R. App. P. – Civ. 5(b)(1) (2007). Here, the judgment and commitment order was entered on January 10, 2007, and the notice of appeal was filed on January 23, 2007. Although a motion for extension of time to file the record was timely filed on April 3, 2007, and the circuit court held a hearing on the motion in a timely manner, the order extending the time to file the record was not entered before April 23, 2007, which was the deadline for entry of the extension order under Ark. R. App. P. – Civ. 5(a). The record, as certified by the circuit court clerk on July 25, 2007, was not tendered to our clerk until August

14, 2007. No further facts need to be determined. Mr. Gillaspie failed to file the record in a timely manner.[1]

 In accordance with *McDonald v. State, supra,* there is no need for Mr. Gillaspie to admit fault. The record plainly shows that he is at fault. The motion for rule on clerk is granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.

---

[1] We note that the April 23, 2007 deadline for entry of the extension order occurred well before late July and August 2007, when, according to Mr. Gillaspie, he underwent surgery and was in and out of the hospital.