Christopher Alan WARD  *v.*  STATE of Arkansas

CR 07-937                                      263 S.W.3d 537

Supreme Court of Arkansas
Opinion delivered September 27, 2007

*Dee A. Scritchfield*, for appellant.

No response.

PER CURIAM. Appellant Christopher Alan Ward, by and through his attorney, has filed a motion for belated appeal. His attorney, Dee A. Scritchfield, a Benton County deputy public defender, states in the motion that the notice of appeal was filed late due to a lack of due diligence on her part.

This court has clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *Id.* at 115, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide if good reason is present.

(Footnote omitted.) While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should

candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

■ In accordance with *McDonald v. State, supra,* Ms. Scritchfield has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.