Woodruff T. SPARACIO *v.* STATE of Arkansas

CA CR 07-1025                                                    270 S.W.3d 840

Supreme Court of Arkansas
Opinion delivered January 10, 2008

*Thurman Ragar*, for appellant.

No response.

PER CURIAM. This is the second motion for rule on clerk in this case. Previously, attorney Thurman Ragar filed a motion to be relieved as appellant Woodruff Thomas Sparacio's attorney on appeal. Sparacio was convicted of two counts of rape in Crawford County on May 26, 2007. On June 6, 2007, Sparacio's trial attorney, Naif Khoury, moved to withdraw as counsel. The trial court

granted that motion and appointed Ragar that same day. Also on June 6, 2007, Ragar filed a notice of appeal on Sparacio's behalf. Following the June 6 notice of appeal, attorney Dana Reece filed a motion to set aside the order appointing Ragar as counsel. The trial court granted her motion on June 16, 2007.

When the record was tendered to this court, our clerk correctly declined to lodge it because the lower court's order extending the time to file the record did not comply with Ark. R. App. P.–Civ. 5. On October 3, 2007, Reece filed a motion for rule on clerk in this court seeking to lodge the record, and on October 5, 2007, Ragar filed a motion to withdraw as attorney on direct appeal.

On November 1, 2007, this court issued an opinion denying Reece's motion for rule on clerk on the grounds that, because the notice of appeal had already been filed, the trial court lacked jurisdiction to enter its order relieving Ragar as counsel. *See Sparacio v. State*, 371 Ark. 427, 266 S.W.3d 751 (2007) (per curiam). In that opinion, we directed Ragar, who remained attorney of record, to file a motion for rule on clerk on Sparacio's behalf; we also stated that we would hold Ragar's motion to withdraw in abeyance until such time as he filed a motion for rule on clerk.

Ragar has now filed the motion for rule on clerk. In it, he acknowledges that the record was untimely tendered due to an error on his part. This court clarified its treatment of motions for rule on the clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *McDonald v. State*, 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the

appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

■ In accordance with *McDonald v. State, supra,* Mr. Ragar has candidly admitted fault. The motion for rule on clerk is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

■ Ragar also asks this court to grant him permission to withdraw as attorney of record. In his original motion, Ragar noted that he was a full-time public defender with a full-time state-funded secretary and thus not eligible to be compensated for appellate work. *See Jordan v. State,* 354 Ark. 27, 120 S.W.3d 99 (2003) (per curiam). For that reason, he asked to be relieved as counsel, and we now grant the motion to be relieved on that ground.

According to the record and motions filed by Ragar and Reece, Reece was retained by Sparacio to represent him on appeal. As a result, it appears that Sparacio is no longer indigent at this time. In our November 1, 2007, opinion, we said that Reece should file a motion for appointment of counsel if she wished to represent Sparacio as an appointed attorney. She has not submitted such a motion, and, as Reece was apparently paid by Sparacio to represent him, we direct Reece to file within fifteen days an entry of appearance so that the appeal may proceed.[1]

---

[1] If it is appellant Sparacio's contention that he is indigent at this time and entitled to appointment of counsel to represent him on appeal, it is his responsibility to submit to this court a motion for appointment of counsel with his current affidavit of indigency appended as required by Ark. Sup. Ct. R. 6-6.