William Dale MORRISON *v.* STATE of Arkansas

CR 08-572                                              285 S.W.3d 610

Supreme Court of Arkansas
Opinion delivered June 5, 2008

*Thurman Ragar, Jr.*, for appellant.

No response.

P ER CURIAM. Appellant, William Dale Morrison, by and
through his attorney, Thurman Ragar, Jr., has filed a
motion for rule on clerk. The clerk of the supreme court and court of
appeals refused to docket this appeal or accept the record due to a
failure to comply with Arkansas Rule of Appellate Procedure–Civil
5(b)(1)(C).

In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004),
this court clarified our treatment of motions for belated appeals and
motions for rule on clerk. We explained:

> Where an appeal is not timely perfected, either the party or attorney
> filing the appeal is at fault, or there is good reason that the appeal was
> not timely perfected. The party or attorney filing the appeal is
> therefore faced with two options. First, where the party or attorney
> filing the appeal is at fault, fault should be admitted by affidavit filed
> with the motion or in the motion itself. There is no advantage in
> declining to admit fault where fault exists. Second, where the party
> or attorney believes there is good reason the appeal was not
> perfected, then the case for good reason can be made in the motion,
> and this court will decide if good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer
requires an affidavit admitting fault before we will consider the

motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra*, Mr. Ragar has candidly admitted that it was his responsibility to assure compliance with Rule 5(b)(1)(C) and that this was not done. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.