Terrance WRIGHT *v.* STATE of Arkansas

CR 08-835                                                286 S.W.3d 723

Supreme Court of Arkansas
Opinion delivered September 11, 2008

*J. Sky Tapp*, for appellant.

No response.

PER CURIAM. Appellant Terrance Wright, by and through his attorney, has filed a motion for rule on clerk. His attorney, J. Sky Tapp, states in the motion that he was appellant's attorney when appellant timely filed a pro se notice of appeal on February 20, 2008, and that he failed to lodge the record in this case within ninety days of the notice of appeal.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the

motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* at 117, 146 S.W.3d at 891.

In accordance with *McDonald v. State, supra,* Mr. Tapp has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.