375 Ark. 426

**Shelton WORMLEY, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–1344.**

Supreme Court of Arkansas.

Jan. 22, 2009.

Donald E. Warren, Sr., Pine Bluff, for appellant.

No response.

## MOTION FOR RULE ON CLERK

### PER CURIAM.

Appellant Shelton Wormley, by and through his attorney, Donald E. Warren, Sr., has filed a motion for rule on clerk. Mr. Warren represented the appellant in the trial court and filed a notice of appeal on his behalf on June 12, 2008. The record in this matter was untimely, as it was tendered on November 18, 2008.

This court denied an earlier motion for rule on clerk filed by John L. Kearney. Mr. Kearney was appointed counsel for the appellant by the trial court after the notice of appeal was filed. We found that the trial court lacked jurisdiction to relieve Mr. Warren and substitute Mr. Kearney as counsel for appellant. *Wormley v. State,* 375 Ark. 247, 289 S.W.3d 463 (2008) (per curiam). Under Arkansas Rule of Appellate Procedure—Criminal 16(a), once the notice of appeal has been filed, the appellate court has exclusive jurisdiction to relieve counsel and appoint new counsel. *Id.* Consequently, this court would not consider the motion for rule on clerk filed by Mr. Kearney. *Id.* Because Mr. Warren was not relieved as counsel of record, we directed that he file a motion for rule on clerk. *Id.*

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There we said:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

356 Ark. at 116, 146 S.W.3d at 891 (footnote omitted).

 While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is

plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

■ Although Mr. Warren does not expressly acknowledge that the record was tendered untimely due to an error on his part, it is plain from the record that he erred. Pursuant to *McDonald v. State, supra,* we grant Wormley's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.