2009 Ark. 227

**Jamie Deachell FOX, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–344.**

Supreme Court of Arkansas.

April 23, 2009.

Brian Williams, Marion, for appellant.

No response.

MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant Jamie Deachell Fox, by and through her attorney, Brian Williams, has filed a motion for rule on clerk. The clerk of this court refused to file the record in this case, concluding that the order extending the time within which to file the record failed to comply with Arkansas Rule of Appellate Procedure—Civil 5(b)(1)(A). However, Arkansas Rule of Appellate Procedure—Criminal 4 was amended and made effective October 1, 2008. *See In re Rules of Supreme Court and Court of Appeals, Rule 4–3; Rules of Appellate Procedure—Criminal, Rule 4; and Rules of Criminal Procedure, Rule 24.3,* 374 Ark. App'x —— (Sept. 18, 2008). Arkansas Rule of Appellate Procedure—Criminal 4, rather than Arkansas Rule of Appellate Procedure—Civil 5, now provides the procedure to be followed in a criminal case when an extension of time is sought within which to file the record.

The judgment and commitment order was filed on September 2, 2008. The notice of appeal was timely filed on September 25, 2008. The record had to be filed within ninety days of the date that the notice of appeal was filed, making the record due no later than December 24, 2008.

*See* Ark. R.App. P.—Crim. 4(b). On December 12, 2008, the circuit court granted an oral motion for an extension of time and entered an order extending the date for filing the record by four months. The order indicates that the attorney for the State had been notified of the Motion for Extension of Time to File Record and had an opportunity to be heard.

An extension is permitted where the requirements of Rule 4 are met:

Rule 4(c)(1) provides in pertinent part as follows:

> If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (b) of this rule or by a prior extension order, may extend the time for filing the record. A motion by the defendant for an extension of time to file the record shall explain the reasons for the requested extension, and a copy of the motion shall be served on the prosecuting attorney. The circuit court may enter an order granting the extension if the circuit court finds that all parties consent to the extension and that an extension is necessary for the court reporter to include the stenographically reported material in the record on appeal. If the prosecuting attorney does not file a written objection to the extension within ten (10) days after being served a copy of the extension motion, the prosecuting attorney shall be deemed to have consented to the extension, and the circuit court may so find.

Rule 4(c)(1) provides that a copy of the motion shall be served on the prosecuting attorney. The extension was granted based on an oral motion. Therefore, no motion was filed or served on the prosecuting attorney in this case. The circuit court's December 12, 2008 order granting

the extension of time stated it was granting an oral motion. We view this matter under Rule 4 as we do a violation of Arkansas Rule of Appellate Procedure—Civil 5. Attorney Williams admits he is responsible for filing the record. We grant the motion for rule on the clerk. *See McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). A copy of this opinion will be forwarded to the Arkansas Supreme Court committee on Professional Conduct

Motion granted.