2010 Ark. 405

**David OCKERMAN, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–1012.**

Supreme Court of Arkansas.

Oct. 28, 2010.

No briefs filed.

MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant David Ockerman, by and through his attorney, Jonathan Lane, has filed a motion for rule on clerk. Ockerman was found guilty of criminal attempt to

commit battery in the first degree by a Pulaski County jury, and a judgment and commitment order was entered on May 28, 2010. Ockerman filed a notice of appeal on June 25, 2010, making the record due in this court by September 23, 2010. Appellant tendered the record to this court on September 24, 2010, which date counsel concedes was untimely. Now, in seeking this court's leave to file the record, Mr. Lane accepts full responsibility for failing to timely lodge the record.

 This court clarified its treatment of motions for rule on clerk in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at |₂fault, or there is "good reason." *McDonald*, 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or the attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* at 106, 146 S.W.3d at 883.

In accordance with *McDonald, supra,* Mr. Lane has candidly admitted fault. The motion is, therefore, granted, and a copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion for rule on clerk granted.