2011 Ark. 339

**Deondrae SIMS, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–813.**

Supreme Court of Arkansas.

Sept. 8, 2011.

Jimmy C. Morris, Jr., for appellant.

No response.

## MOTION FOR RULE ON CLERK

PER CURIAM.

Appellant Deondrae Sims, by and through his counsel Jimmy C. Morris, Jr., brings the instant motion for rule on clerk. Mr. Morris admits in the motion that he is responsible for failing to tender the record on time.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *Id.* at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where

he has erred and is responsible for the failure to perfect the appeal. *See Mc-Donald,* 356 Ark. 106, 146 S.W.3d |₂883.

In accordance with *McDonald,* Mr. Morris has candidly admitted fault. The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion for rule on clerk granted.