SLIP OPINION

Cite as 2013 Ark. 437

# SUPREME COURT OF ARKANSAS

No. CR-13-816

| | |
|---|---|
| JARROD WILLIAM HOLMES<br>　　　　　　　　　PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>　　　　　　　　　RESPONDENT | **Opinion Delivered** October 31, 2013<br><br>PRO SE MOTIONS FOR RULE ON CLERK AND TO APPOINT COUNSEL AND PETITION FOR WRIT OF CERTIORARI [SALINE COUNTY CIRCUIT COURT, 63CR-11-535, HON. GARY ARNOLD, JUDGE]<br><br>MOTION FOR RULE ON CLERK GRANTED; MOTION TO APPOINT COUNSEL GRANTED; PETITION FOR WRIT OF CERTIORARI GRANTED. |

## PER CURIAM

In 2012, petitioner Jarrod William Holmes entered a guilty plea in the Saline County Circuit Court to multiple drug-related offenses and was sentenced by a jury as a habitual offender to an aggregate term of 360 months' imprisonment.[1] Petitioner was represented by private counsel, Donald W. Colson, who timely filed a notice of appeal from the orders on July 30, 2012.[2] Since the filing of petitioner's notice of appeal, this court's Committee on

---

[1] The partial record tendered reflects that the sentencing order, first amended sentencing order, and second amended sentencing order were filed on July 2, 16, and August 1, 2012, respectively.

[2] Arkansas Rule of Appellate Procedure–Criminal 1(a) (2012) provides that there is no direct appeal from a guilty plea. An appeal may be taken after a guilty plea, however, when the defendant alleges evidentiary errors that arose after the plea and during the sentencing phase regardless of whether a jury was impaneled for that phase of trial. *Owens v. State*, 2012 Ark. 424 (per curiam) (citing *Tubbs v. State*, 2011 Ark. 166 (per curiam)).

Professional Conduct issued an order suspending Mr. Colson's license to practice law.[3] Now

before us are petitioner's pro se motions for rule on clerk and for the appointment of counsel,

as well as his petition for writ of certiorari to complete the record.

Pursuant to Arkansas Rule of Appellate Procedure–Criminal 4(b) (2012), petitioner had

ninety days from the filing of the notice of appeal to file the record with the clerk of the

appellate court. A partial record was tendered by the circuit clerk within that time period;

however, a complete record has yet to be submitted.[4] This court clarified its treatment of

motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146

S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not

being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good

reason." *McDonald*, 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is
> at fault, or there is good reason that the appeal was not timely perfected. The party or
> attorney filing the appeal is therefore faced with two options. First, where the party or
> attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the
> motion or in the motion itself. There is no advantage in declining to admit fault where
> fault exists. Second, where the party or attorney believes that there is good reason the
> appeal was not perfected, the case for good reason can be made in the motion, and this
> court will decide whether good reason is present.

*Id.* While this court no longer requires an affidavit admitting fault before we will consider the

motion, an attorney should candidly admit fault where he has erred and is responsible for the

---

[3]The Supreme Court Committee on Professional Conduct issued written findings and an order suspending Mr. Colson from the practice of law for a period of thirty-six months on September 5, 2012.

[4]Because of Mr. Colson's suspension, the circuit clerk tendered only the clerk's portion of the record.

failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. *See id.*

In his motion, petitioner explained that his private attorney was suspended from the practice of law during the time period in which the complete record on appeal should have been lodged and that he did not obtain or was not appointed alternative counsel. In accordance with *McDonald*, we are satisfied that the present situation constitutes good reason for petitioner's failure to timely perfect the appeal. The motion for rule on clerk is therefore granted. We further note that it is clear from the motion and partial record before us that there was error on Mr. Colson's part in failing to lodge the complete record within the 90-day time period as provided by Rule 4(b); therefore, a copy of this opinion will be forwarded to the Committee on Professional Conduct.

Petitioner also requests the appointment of counsel to represent him in this appeal and the issuance of a writ of certiorari to complete the record. Appended to petitioner's motions is an affidavit setting forth petitioner's indigency pursuant to Arkansas Supreme Court Rule 6-6 (2012). Inasmuch as the State has not filed a response contradicting petitioner's asserted indigency, we hold that petitioner is indigent and, therefore, grant his motion to appoint counsel. We appoint attorney Greg Knutson to represent him on this appeal.

Because petitioner's newly appointed attorney will be unfamiliar with the facts of the case and because of the necessity of a full record for the appeal of the orders sentencing petitioner to 360 months' imprisonment, a writ of certiorari will issue to the Saline County Circuit Court

to bring up the remainder of the record for the appeal within thirty days of the date of this opinion. We direct our clerk to accept the complete record and to permit the appeal to proceed. A briefing schedule will be set for the appeal upon receipt of the full record.

Motion for rule on clerk granted; motion for appointment of counsel granted; petition for writ of certiorari granted.

*Jarrod William Holmes*, pro se petitioner.

No response.