SLIP OPINION

Cite as 2014 Ark. 329

# SUPREME COURT OF ARKANSAS

No. CR–14–257

| | |
|---|---|
| CHRISTOPHER S. GRADY | Opinion Delivered July 31, 2014 |
| APPELLANT | |
| V. | MOTION FOR RULE ON CLERK |
| STATE OF ARKANSAS | GRADY. |
| APPELLEE | |

GRANTED.

**PER CURIAM**

Appellant Christopher S. Grady, by and through his attorney, Jill Blankenship, has filed a motion for rule on clerk. On June 19, 2013, the circuit court entered a judgment and commitment order. Grady timely filed a notice of appeal on July 15, 2013. Pursuant to Arkansas Rule of Appellate–Procedure Criminal 4(b) (2013), Grady's record was due by October 13, 2013. On January 21, 2014, Grady filed a motion for extension of time to file the record in the circuit court, and the circuit court's order granting the motion was also filed on January 21, 2014, after the record's due date. Grady's record is therefore untimely.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is good reason. *Id*. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party

or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he or she has erred and is responsible for the failure to perfect the appeal. *See id.* When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted. See id. If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id.*

It is plain from the motion and record before us that there was error on Ms. Blankenship's part in failing to obtain an extension before October 13, 2013. Pursuant to *McDonald*, *supra*, we grant Grady's motion for rule on clerk and forward a copy of this opinion to the Committee on Professional Conduct.

Motion granted.