2009 Ark. 243

**Antonio DANIELS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–370.**

Supreme Court of Arkansas.

April 30, 2009.

Dale West, for appellant.

No response.

MOTION FOR RULE ON CLERK

PER CURIAM.

Antonio Daniels, by and through his attorney Dale West, has filed a motion for rule on clerk. The clerk of this court refused to file the record in this case, concluding that the order extending the time within which to file the record failed to comply with Arkansas Rule of Appellate Procedure—Civil 5(b)(1)(A) and (D). However, Arkansas Rule of Appellate Procedure—Criminal 4 was amended and made effective October 1, 2008. *See In re Rules of Supreme Court and Court of Appeals, Rule 4–3,* 374 Ark. App'x 566 (Sept. 18, 2008). Arkansas Rule of Appellate Procedure—Criminal 4, rather than Arkansas Rule of Appellate Procedure—Civil 5, now provides the procedure to be followed in a criminal case when an extension of time is sought within which to file the record.

In this case, the judgment and commitment order was filed on September 4, 2008. The notice of appeal was timely filed on October 1, 2008. The record had to be filed within ninety days of the date that the notice of appeal was filed, making the record due no later than December 30, 2008. *See* Ark. R.App. P.-Crim. 4(b). However, on December 11, 2008, the circuit court granted a motion for an extension of time under Rule 4 and entered an order extending the date for filing the record. An extension is permitted where the requirements of Rule 4 are met. Rule 4(c)(1) provides in pertinent part as follows:

> If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (b) of this rule or by a prior extension order, may extend the time for filing the record. A motion by the defendant for an extension of time to file the record shall explain the reasons for the requested extension, and a copy of the motion shall be served on the prosecuting attorney. The circuit court may enter an order granting the extension if the circuit court finds that all parties consent to the extension and that an extension is necessary for the court reporter to in-

clude the stenographically reported material in the record on appeal. If the prosecuting attorney does not file a written objection to the extension within ten (10) days after being served a copy of the extension motion, the prosecuting attorney shall be deemed to have consented to the extension, and the circuit court may so find.

Rule 4(c)(1)(b) provides that a copy of the motion shall be served on the prosecuting attorney. A copy of the motion was served on the prosecuting attorney on December 2, 2008. The circuit court's order granting the extension of time under Rule 4, which was entered on December 11, 2008, does not state that all parties consent to the extension and it does not state the length of time the extension is granted.

We view this matter under Rule 4 as we do a violation of Arkansas Rule of Appellate Procedure—Civil 5. Upon a remand for compliance with Rule 4(c)(1), the circuit court shall determine whether the rule was complied with at the time the original motion for extension of time was filed and granted. The circuit court should not permit the parties the opportunity to correct any deficiencies, but instead should make the findings required by the rule as if they were being made at the time of the original motion. Should the requirements not have been met at the time of the initial motion for extension and order, the circuit court's order upon remand should so reflect and be returned to this court.

Because the order of extension in this case makes no reference to each of the findings of the circuit court required by the rule, and because there must be strict compliance with the rule, we remand the matter to the circuit court for compliance with Rule 4(c)(1).