Cite as 2014 Ark. 422

# SUPREME COURT OF ARKANSAS

No. CR-14-761

| | | |
|---|---|---|
| MICHAEL E. CHILDERS | | **Opinion Delivered** October 9, 2014 |
| | APPELLANT | |
| V. | | MOTION FOR RULE ON CLERK AND MOTION TO BE RELIEVED AS COUNSEL |
| STATE OF ARKANSAS | | |
| | APPELLEE | <u>MOTIONS GRANTED</u>. |

**PER CURIAM**

Appellant, Michael E. Childers, by and through his attorney, has filed a motion for rule on clerk and a motion to be relieved as counsel. Childers's attorney, John R. Irwin, who is a full-time, state-salaried public defender with a full-time, state-funded secretary, stated in his motion for rule on clerk that our clerk refused to file the untimely record because of his failure to follow Rule 4 of the Arkansas Rules of Appellate Procedure–Criminal (2014).

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." *Id*. at 116, 146 S.W.3d at 891. We explained as follows:

> Where an appeal is not timely perfected either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with

the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnotes omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.* Here, in accordance with *McDonald*, Mr. Irwin has candidly admitted fault. Therefore, the motion for rule on clerk is granted, and a copy of this opinion will be forwarded to the Committee on Professional Conduct.

Further, Mr. Irwin has filed a motion to be relieved as counsel. In *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000), we held that full-time, state-salaried public defenders are ineligible for compensation for their work on appeal. Since *Rushing*, the General Assembly passed Arkansas Code Annotated section 19-4-1604(b)(2)(B) (Repl. 2007), which states as follows:

> A person employed as a full-time public defender who is not provided a state-funded secretary may also seek compensation for appellate work from the Arkansas Supreme Court or the Court of Appeals.

Because Mr. Irwin is not eligible for compensation on appeal, his motion to be relieved as counsel is granted. *Sanders v. State*, 369 Ark. 423, 255 S.W.3d 444 (2007). Attorney Justin Eisele is appointed to represent Childers on appeal. Once the record on appeal has been lodged, our clerk will set a new briefing schedule for the appeal.

Motions granted.

BAKER, GOODSON, and HART, JJ. dissent.

KAREN R. BAKER, **Justice, dissenting in part.**  I dissent in part because I would not forward a copy of this opinion to the Committee on Professional Conduct.  Instead, I would remand this case to the circuit court to determine compliance with Rule 4 of the Arkansas Rules of Appellate Procedure–Criminal.  *See Daniels v. State*, 2009 Ark. 243, 308 S.W.3d 131 (per curiam).

On July 29, 2014 the circuit entered an order extending the time to file the record. However, the order did not comply with Rule 4.  Rule 4(c)(1) states in pertinent part:

> If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (b) of this rule or by a prior extension order, may extend the time for filing the record. A motion by the defendant for an extension of time to file the record shall explain the reasons for the requested extension, and a copy of the motion shall be served on the prosecuting attorney. The circuit court may enter an order granting the extension if the circuit court finds that all parties consent to the extension and that an extension is necessary for the court reporter to include the stenographically reported material in the record on appeal. If the prosecuting attorney does not file a written objection to the extension within ten (10) days after being served a copy of the extension motion, the prosecuting attorney shall be deemed to have consented to the extension, and the circuit court may so find.

Pursuant to *Daniels*, because the order of extension in this case makes no reference to each of the findings of the circuit court required by the Rule, and because there must be strict compliance with the Rule, I would remand the matter to the circuit court to determine compliance with Rule 4(c)(1).

GOODSON and HART, JJ., join in this dissent.